Chancellor Hesaussure.
-This is a bill to enjoin and restrain the defendant from enforcing a judgment and execution obtained at law, against the present complainant, and to compel the defend ant to account for certain monies alledged to have been collected by the defendant on account of the complainant, which ought to be credited on the judgment.
It seems that the complainant being desirous to have a school established, agreed to employ the defendant, and written *94 articles were entered into, by which Muse Tollison agreed to pay Mr. West, the defendant, two hundred and twenty dollars per annum and his board, worth one hundred dollars per annum, for his services as a teacher, during the years 1818, 1819 and 1820.
Complainant charges and insists that it was also further agreed, verbally, that the defendant, West, should receive and teach the children of other families besides Mr. Tollison’s, and receive and collect the amount of tuition money and pay over the same to Mr. Tollison, to reimburse for the salary and board so advanced. Mr. Tollison gave his notes for the salary, and actually boarded Mr. West. Mr. West received other scholars into his school, and received part of the tuition money which he claims' as his own, and also claims what is still due. West brought suit on the notes ef Tollison, and recovered a judgment at law. The complainant then filed his bill to enjoin West from enforcing his judgment, and to have an account for the tuition money received by West from the scholars, out of Tollison’& family. The defendant in his answer denies tjie agreement al-ledgedin the bill, and insists that he was entitled to the whole amount of the tuition money received from the scholars, besides the salary and board.
At the hearing of the case, the written agreements were produced in evidence, which contained an engagement by Tol-lison to employ said West to teach school, and to pay said West two hundred and twenty dollars per annum and his boarding, washing and lodging, for the years 1818, 1819, 1820, for his services during the term above mentioned. These agreements did not contain any stipulations that West might receive and teach other scholars than Mr. Tollison’s family, nor that he should pay over to Tollison what tuition money he might receive for any extra scholars .received into his school. It is admitted that he did receive other scholars into his school, and did receive pay for their tuition. Mr. Tollison claimed all the tuition money so received, and all that might be still due and uncollected. He endeavored to establish by proof, that this was the agreement between them. There is difficulty in this. *95 part of the case; for it is embarrassing to account why the written agreement did not contain this stipulation, that Tollison should receive the tuition money, if such had been reahy the agreement. And there is great reluctance in the court to permit such additions to agreements by parol proofs. ’Tis full of dangers. 1 did however receive the evidence conditionally, and subject to legal exceptions. The evidence of the complainant furnished a pretty strong presumption that such agreement was made, and it is corroborated by the vehement presumption arising out of the circumstances themselves. But ' he proofs were not so clear and conclusive as to convince the mind absolutely. I would therefore feel great reluctance to decree on that ground; but there is another ground which is safer, and on which I think I may place the case and do justice. It is manifest that the written agreement stipulated for the whole of West’s time. The words are: — “that Tollison, on his part, doth agree to pay the said West $220 for 12 months service, as a school teacher, (Saturdays, Sundays and court weeks excepted;) and said Tollison doth also agree to board said West gratis, diet, lodging and washing, in a decent manner.” These words which West acceded to and acted upon, do manifestly exclude the idea that West was to be at liberty to take any other scholars for his own profit.. He became the hired agent, or in the old language of the law, servant of Tollison. If therefore he took other- scholars than Tollisoh’s children, he was bound to pay over the profits- to Tollison.
The agreement does not limitToliison to put his own children only under the schoolmaster. Having hired the services of West, he could put as many as he pleased, within the usual number of sholars. If. this were not so, Tollison, who had but few children to place at school, would have been paying the most enormous price ever heard of in the upper country, and wholly disproportionate to the service. 1 am of the opinion that the complainant is entitled to all the defendant, West, made from all the scholars, and that the defendant ought to account for the same. It is therefore ordered and decreed that the defendant d<? account for all that was made in the said school, and *96 ihat the amount be deducted fr.om the judgment obtained by said West against Muse Tollison.
P. Farrow for the appellant,
as to the ground of jurisdiction, cited 1 Johns. Ch. Ca. 49, 91; Id. 320, 466; 1 Madd. Ch. 77, 107; 2 Eq. Rep. 623.
J. W. Farrow, contra,
contended that the complainant was under the necessity of coming into this court for discovery and account, and that the bill ought to be sustained on those grounds.
From this decree the defendant appealed, on the grounds:
1st, That there was no ground of equity jurisdiction, the complainant having plain and adequate remedy at law:
2nd, That the decree was erroneous in the construction of the agreement between complainant and defendant.
Chancellor Gaittard.
Two grounds of appeal were made and relied upon in this case.
The 1st was, that Tollison was not entitled to recover on the merits of the case. If we were at liberty to decide that point, we should not probably differ from that part of the decree of the circuit court: But the opinion we have formed on the first ground, precludes the necessity of deciding on the second.
The appellant contends that Tollison might have set up his present demand as a discount against the notes on which the •suit at law was brought by West, and could have had plain and adequate remedy at law; and we are of opinion that he could: But if he wanted a discovery to have enabled him to support the discount, he should have filed his bill and obtained the discovery whilst the suit was pending at law. He was aware of the defence he meant to rely upon, and should not have waited till the judgment at law was obtained. No new matter has been discovered since the triál at law. On that ground; , we are of opinion and adjudge that the decree be reversed.
Chancellors Thompson and Jarnos concurred.